STATE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
GUILFORD COUNTY     12 CVS 8500

TRAINOR GLASS COMPANY,

         Plaintiff,

vs.

HOLDER CONSTRUCTION GROUP, LLC
and AMERICAN EXPRESS TRAVEL
RELATED SERVICES COMPANY, INC.

         Defendants.

**COMPLAINT**
(AOC code: COMP)

NOW COMES Plaintiff, Trainor Glass Company ("Trainor Glass"), by and through the undersigned counsel, and, complaining of the Defendants, Holder Construction Group, LLC ("Holder Construction") and American Express Travel Related Services Company, Inc. ("American Express"), hereby alleges and says the following:

### PARTIES AND JURISDICTION

1. Trainor Glass is an Illinois corporation, is authorized to do business in North Carolina and maintains its registered office in North Carolina in Wake County, North Carolina.

2. Upon information and belief, Holder Construction is a Georgia limited liability company, is authorized to do business in North Carolina and maintains its registered office in North Carolina in Wake County, North Carolina.

3. Upon information and belief, American Express is a New York corporation, is authorized to do business in North Carolina and maintains its registered office in North Carolina in Wake County, North Carolina.

4. The amount in the controversy between the parties to this action is in excess of Ten Thousand Dollars ($10,000.00).

5. Venue for this action is properly in Superior Court Division of the General Court of Justice, Guilford County, North Carolina.

## FACTUAL BACKGROUND

6. Upon information and belief, American Express is the owner of certain real property generally described as the American Express Travel Related Services Company, Inc. data center a/k/a "Project Green" located at 5301 McConnell Road, Whitsett, Guilford County, North Carolina and being a portion of the approximately 194 acre assemblage located in Whitsett, Guilford County, North Carolina and described in deeds recorded Book R 7157, Page 964, Book R 7154, Page 1369 and Book R 7154, Page 1373, Guilford County Registry and upon information and belief, being that portion of the assemblage consisting of approximately 107 acres as described in deed recorded in Book R 7154, Page 1373, Guilford County Registry and now identified as being Tracts 1 and 2 as described on plat entitled Final Plat for American Express Travel Related Services Company, Inc., 5301 McConnell Road recorded in Plat Book 181, Page 138, Guilford County Registry (the "Property").

7. Upon information and belief, Holder Construction entered into a contract with American Express for Holder Construction to perform general construction of the American Express Travel Related Services Company, Inc. data center a/k/a "Project Green" on the Property. The construction of the American Express Travel Related Services Company, Inc. data center a/k/a "Project Green" is referred to at times as the "Project".

8. Trainor Glass and Holder Construction entered into a subcontract for Trainor Glass to provide glass/glazing labor and materials and related labor and materials to Holder Construction and for Holder Construction's work on the Project. The subcontract between Trainor Glass and Holder Construction is referred to hereafter as the "Subcontract".

2

9. On or about February 21, 2012, Trainor Glass ceased its operations generally and ceased work under the Subcontract.

10. At the time Trainor Glass ceased work on the Subcontract, Trainor Glass had substantially completed its work under the Subcontract.

11. On or about March 27, 2012, Trainor Glass filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in Case No. 12 B 09458, United States Bankruptcy Court, Northern District of Illinois, Eastern Division. Trainor Glass remains in possession of its property and continues to have the rights, powers and duties of a debtor in possession pursuant to the United States Bankruptcy Code.

12. Despite invoicing and demands for payment, Trainor Glass remains unpaid for its work under the Subcontract and for the construction and improvement of the Project in the principal amount of no less than Three Hundred Fifty-Six Thousand Eight Hundred Twenty-Two Dollars and 43/100 ($356,822.43) and in an exact amount to be shown at trial.

13. On or about June 13, 2012, Trainor Glass served a Notice of Claim of Lien Upon Funds by First, Second or Third Tier Subcontractor on each of Holder Construction and American Express ("Lien on Funds"). A true copy of Trainor Glass' June 13, 2012 Lien on Funds is attached as Exhibit "A" and incorporated by reference.

14. The Trainor Glass Lien on Funds was received by Holder Construction on June 14, 2012.

15. The Trainor Glass Lien on Funds was received by American Express on June 14, 2012.

16. On or about June 15, 2012, Trainor Glass filed a Claim of Lien on Real Property against the Property with the Guilford County Clerk of Court ("Lien on Real Property"). A true

copy of Trainor Glass' Lien on Real Property is attached as Exhibit "B" and incorporated by reference.

17. Trainor Glass filed its Lien on Real Property within 120 days of Trainor Glass' last work on the Project.

18. Trainor Glass files this lawsuit within 180 days of Trainor Glass' last work on the Project.

19. All deadlines and conditions for claims and recovery by Trainor Glass as stated herein, including all deadlines and conditions under Chapter 44A of the North Carolina General Statutes, have been met by Trainor Glass or have occurred.

## FIRST CLAIM FOR RELIEF
(Breach of Contract, Holder Construction)

20. The allegations in paragraphs 1 – 19 are realleged and incorporated by reference.

21. Trainor Glass has substantially performed work and supplied materials required of it under the Subcontract and is entitled to payment from Holder Construction for work performed and materials supplied under the Subcontract.

22. Holder Construction has breached the Subcontract by failing to pay Trainor Glass for work performed and materials supplied under the Subcontract.

23. After credit for all payments made by Holder Construction to Trainor Glass and credit to Holder Construction for the amount it would have cost Trainor Glass to complete the work of the Subcontract, Holder Construction owes Trainor Glass the principal amount of no less than Three Hundred Fifty-Six Thousand Eight Hundred Twenty-Two Dollars and 43/100 ($356,822.43) and in an exact amount to be shown at trial for work performed and materials supplied under the Subcontract.

4

24. Trainor Glass is entitled to recover of Holder Construction the principal amount due for work performed and materials supplied under the Subcontract of no less than Three Hundred Fifty-Six Thousand Eight Hundred Twenty-Two Dollars and 43/100 ($356,822.43) and in an exact amount to be shown at trial, together with interest on such amount at the higher of the Subcontract rate or the legal rate from the date payment was due.

## SECOND CLAIM FOR RELIEF
### (Quantum Meruit, Holder Construction)

25. The allegations of paragraphs 1 – 24 of the Complaint are realleged and incorporated herein by reference.

26. This claim is pled in the alternative to the First Claim for Relief above.

27. Trainor Glass provided labor, materials and equipment to Holder Construction for the construction of the Project with a reasonable value for which Holder Construction has failed to pay Trainor Glass of no less than Three Hundred Fifty-Six Thousand Eight Hundred Twenty-Two Dollars and 43/100 ($356,822.43) and in an exact amount to be shown at trial

28. Trainor Glass reasonably expected to be paid for such labor, materials and equipment provided to Holder Construction for the construction of the Project.

29. Holder Construction knew or reasonably should have known that Trainor Glass expected to be paid for the labor and materials provided to Holder Construction for the construction of the Project and Holder Construction knowingly and voluntarily accepted the benefit of such labor and materials.

30. Holder Construction has failed and refused to fully pay Trainor Glass the reasonable value for such labor and materials provided to Holder Construction by Trainor Glass for the construction of the Project.

5

31. Holder Construction is liable to Trainor Glass in *quantum meruit* for the reasonable value of such labor and materials provided by Trainor Glass in the unpaid principal amount of at least no less than Three Hundred Fifty-Six Thousand Eight Hundred Twenty-Two Dollars and 43/100 ($356,822.43) and in an exact amount to be shown at trial, together with interest at the legal rate from the date of filing of this Complaint.

### THIRD CLAIM FOR RELIEF
### (Enforcement of Lien on Funds)
### (Holder Construction and American Express)

32. The allegations of paragraphs 1 – 31 of the Complaint are incorporated by reference.

33. Upon information and belief, as of and/or following the June 15, 2012 date of receipt by American Express of the Trainor Glass Lien on Funds, American Express owed money to Holder Construction for work on the Project.

34. Upon information and belief, American Express currently retains funds due to Holder Construction for work on the Project.

35. Trainor Glass is entitled to a lien on funds (up to the amount of the Lien on Funds) on funds due as of June 15, 2012 and to become due following June 15, 2012 from American Express to Holder Construction on the Project and to an Order from this Court directing payment of such funds by American Express to Trainor Glass in satisfaction of judgment recovered by Trainor Glass hereunder.

36. Trainor Glass is entitled to a direct claim and recovery against American Express (up to the amount of the Lien on Funds) to the extent American Express has disbursed or does disburse funds in violation of the Lien on Funds, plus interest, the cost of this action and attorney fees as allowed by N.C. Gen. Stat. § 44A-35.

37. Trainor Glass is entitled to a lien on funds (up to the amount of the Lien on Funds) on funds received by Holder Construction in violation of Trainor Glass' Lien on Funds and to an Order from this Court directing payment of such funds by Holder Construction to Trainor Glass in satisfaction of judgment recovered by Trainor Glass hereunder.

## FOURTH CLAIM FOR RELIEF
### (Enforcement of Lien on Real Property – American Express)

38. The allegations in paragraphs 1 – 37 are incorporated herein by this reference.

39. Pursuant to Chapter 44A of the North Carolina General Statutes, Trainor Glass is entitled to a lien on the Property (up to the amount of the Lien on Funds) to the extent of any funds disbursed by American Express in violation of the Lien on Funds and is entitled to a lien on the Property by way of subrogation to the lien rights of Holder Construction (up to the amount of the Lien on Real Property), plus interest, the costs of this action and attorneys fees as allowed by N.C. Gen. Stat. § 44A-35.

40. Trainor Glass' subrogation Lien on Real Property relates back and is effective as of Holder Construction's first date of work on the Project.

41. Trainor Glass is entitled to foreclose its lien on the Property and to satisfy and receive the amount of judgment obtained hereunder by Trainor Glass from the proceeds of the lien foreclosure sale.

**WHEREFORE**, Trainor Glass respectfully prays for judgment of the Court as follows:

1. Pursuant to First Claim for Relief (Breach of Contract, Holder Construction), that Trainor Glass have and recover from Holder Construction the principal sum of no less than Three Hundred Fifty-Six Thousand Eight Hundred Twenty-Two Dollars and 43/100 ($356,822.43) and in an exact amount to be shown at trial, together with interest thereon from the time of breach at the higher of the Subcontract rate or legal rate;

2. Pursuant the Second Claim for Relief (Quantum Meruit, Holder Construction) and in the alternative to the First Claim for Relief, that Trainor Glass have and recover from Holder Construction the principal amount of no less than Three Hundred Fifty-Six Thousand Eight Hundred Twenty-Two Dollars and 43/100 ($356,822.43) and in an exact amount to be shown at trial, in *quantum meruit*, plus interest at the legal rate from the date of filing of this Complaint;

3. Pursuant to the Third Claim for Relief (Enforcement of Lien on Funds, Holder Construction and American Express), that judgment be awarded to Trainor Glass against American Express (up to the amount of the Lien on Funds) to the extent of payment of funds by American Express in violation of the Lien on Funds, plus interest as allowed by law;

4. Pursuant to the Third Claim for Relief (Enforcement of Lien on Funds, Holder Construction and American Express), that judgment be awarded to Trainor Glass against American Express declaring a lien in favor of Trainor Glass on funds owed by American Express to Holder Construction (up to the amount of the Lien on Funds) and that American Express be ordered to pay Trainor Glass from such funds the amount of judgment recovered hereunder;

5. Pursuant to the Third Claim for Relief (Enforcement of Lien on Funds, Holder Construction and American Express), that judgment be awarded to Trainor Glass against Holder Construction declaring a lien in favor of Trainor Glass on funds received by Holder Construction in violation of the Lien on Funds and that Holder Construction be ordered to pay Trainor Glass from such funds the amount of judgment recovered hereunder;

6. Pursuant to the Fourth Claim for Relief (Enforcement of Lien on Real Property, American Express), that judgment be awarded to Trainor Glass against American Express declaring a lien in favor of Trainor Glass on the Property to the extent of payment by American Express in violation of the Lien on Funds (up to the amount of the Lien on Funds) and/or by way

8

of subrogation (up to the amount of the Lien on Real Property) and that such subrogation Lien on Real Property relate back and be effective as of Holder Construction's first date of work on the Project;

7. Pursuant to the Fourth Claim for Relief (Enforcement of Lien on Real Property, American Express), that the Property be sold in accordance with North Carolina General Statutes and the proceeds of such sale be applied against and/or in satisfaction of the judgment and lien recovered by Trainor Glass hereunder;

8. That Trainor Glass have and recover of the Defendants the costs of this action; and

9. That the Court grant Trainor Glass such other and further relief as the Court deems just and proper.

This the 14th day of August, 2012.

WILLIAM M. BLACK, JR. ATTORNEYS

*(signature)*

Pat A. Cook
N.C. State Bar No.: 18955

*(signature)*

William M. Black, Jr.
N.C. State Bar No.: 12322
P.O. Box 19866
Raleigh, NC 27619
Tel. (919) 782-6155
Fax (919) 782-4892
Email: wblack@williamblacklaw.com
*Attorneys for Plaintiff,*
*Trainor Glass Company*

## VERIFICATION

The undersigned, Edwin J. Trainor, being first duly sworn, deposes and says that he is the Vice President of Trainor Glass Company, Plaintiff in the above-captioned action, is authorized to make and give this Verification on behalf of Trainor Glass Company, is familiar with the facts from which this claim arises, has read the foregoing Complaint, knows the contents thereof of his personal knowledge, and that to his personal knowledge the matters and things stated therein are true, except as to such matters as are stated upon information and belief, and as to them, he is informed and believes that they are true.

TRAINOR GLASS COMPANY

By: *[signature]*

Printed Name: Edwin J. Trainor

Title: Vice President

STATE OF _Michigan_
COUNTY OF _Berrien_

Sworn to and subscribed before me this the
_13_ day of _August_, 2012.

*[signature]*
Notary Public
My Commission Expires: _06/05/2017_

SCOT M. TRAPP
NOTARY PUBLIC – STATE OF MICHIGAN
COUNTY OF VAN BUREN
MY COMMISSION EXPIRES 06/05/2017
Acting in the County of _Berrien_